UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

UNITED STATES OF AMERICA,                            Criminal No. 06-46 PAM/AJB

          Plaintiff,

v.                                      **REPORT AND RECOMMENDATION**

JOHN I. PRISCELLA,

          Defendant.

     David M. Genrich, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

     Scott Tilsen, Esq., Assistant Federal Defender, for the defendant, John I. Priscella.

      This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on January 5, 2007, at the U.S. Courthouse, 180 East Fifth Street, St. Paul, MN 55101.  The Court issued an Order on Motions dated January 5, 2007, reserving defendant John I. Priscella's Motion to Suppress Evidence Obtained as a Result of Search and Seizure and Motion to Suppress Statements, Admissions and Answers for submission to the District Court on report and recommendation.

      Based upon the file and documents contained therein, including witness testimony and exhibits received at hearing, the Magistrate Judge makes the following:

**Findings**

      **Search Warrant.**  On November 16, 2004, United States Magistrate Judge J. Earl Cudd issued a warrant to search a particularly described residential location in Crystal, Minnesota, including a designated garage, along with computers, electronic devices, and data files (Hearing Exh.

No. 1). The location is further identified in the supporting affidavit as the residence of John I. Priscella. The search warrant identified the objects of the warrant as materials relating to specified persons and businesses to include various banking documents; brokerage account records; telephone and fax records; personal and business financial documents; real estate purchase records; client lists and addresses; travel items and documents; photos and videos; items evidencing money transfers; and correspondence and e-mails between and among the previously specified persons and businesses. Additional objects of the warrant were three computers in the home; any notes, copies or rough drafts of other described items; tax manuals and IRS materials; and large amounts of cash. The warrant authorized seizure of physical and electronically stored material. The warrant was issued on the basis of probable cause contained in the Affidavit of IRS Special Agent Angela M. Johnson, including information obtained by review of IRS tax records and returns, review of third party banking records, review of state tax records and public records, as well as undercover investigation evidence and surveillance and trash search evidence.

**Statements.** As part of an investigation that began in September 2003, IRS special agents conducted an undercover sting operation at the Bloomington, MN Country Inn and Suites on November 17, 2004. Defendant John I. Priscella was the target of the sting which was designed to obtain evidence of money laundering activities. On that day two undercover ("UC") IRS agents, Frankie and Tom, met with the defendant in a two-room suite at the motel. The intended money laundering involved a transfer of $350,000 in cash and a promise by Frankie to provide the defendant with an automobile which had been expressly represented to be a stolen 2005 Volvo. There had been two previous undercover money transfers to the defendant involving a total of $50,000 to $60,000.

The agents were wearing wires and both the vehicle and the room were monitored by video cameras. Before going to the room UC agent Frankie presented the defendant with the keys to the Volvo. Thereafter, the defendant and the IRS agents went to the motel suite where UC agent Tom gave the defendant $350,000 which the defendant received and agreed to launder. At that time approximately five other agents, including IRS Special Agent Vicki Petricka, entered the suite and the defendant and UC agent Frankie were promptly handcuffed. UC agent Tom was not arrested or placed in handcuffs. Defendant Priscella was advised that he was not under arrest but was being handcuffed for purposes of agent safety. Agent Petricka also read the <u>Miranda</u> rights advisory to the defendant from a preprinted card. The defendant stated that he understood his rights and agreed to talk with agent Petricka. Meanwhile, the UC agents, Frankie and Tom were taken to another room, apart from the defendant, who remained handcuffed. Agent Petricka and the defendant spoke for approximately ten minutes during which time the defendant provided responses to the agent's questions. The Special Agent Petricka advised the defendant that a warrant to search his home had been obtained and asked whether he would provide a key for entry. Defendant Priscella stated that no key was required and it would be okay for agents to enter the house. The interview was not audio or video recorded.

      The defendant accompanied IRS agents to the house where the search warrant was being executed. Priscella rode to the location with agents while another IRS agent drove the defendant's own car to the house. For safety reasons the defendant was kept in handcuffs during the ride to his home, but the handcuffs were removed when they arrived. The defendant was not questioned during the car ride. At the house agents sat with the defendant at the kitchen table and the defendant was asked whether he wanted to continue to talk with the agents. The defendant agreed and

an interview lasted approximately one-half hour.  During this time the agents and the defendant presented questions to one another.  The defendant was cooperative and he made no request that questioning stop or that he be permitted to speak with an attorney.  No other members of defendant's family were present in the house during the search and interview.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**Conclusions**

**Search Warrant.**  Evidence seized pursuant to a warrant to search a particularly described residential location in Crystal, Minnesota, including a designated garage, along with computers, electronic devices, and data files (Hearing Exh. No. 1), was not unlawfully obtained in violation of the constitutional rights of defendant John I. Priscella.  The residence search warrant was issued on November 16, 2004, and was based upon sufficient probable cause as stated in the Affidavit of IRS Special Agent Angela M. Johnson and as determined by United States Magistrate Judge J. Earl Cudd.  The warrant properly and sufficiently identified the location of the search and the items to be seized.  The search warrant in this matter was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

**Statements.**  Statements were not unlawfully solicited in violation of defendant's right to remain silent and right to have an attorney present during questioning, and there is no basis for suppression of statements made by the defendant at either the Country Inn and Suites Motel or his home.  Defendant was not under arrest but was in custody at the time of questioning.  Nonetheless, prior to any questioning IRS Special Agent Vicki Petricka properly advised the defendant of his constitutional rights pursuant to Miranda, and he knowingly, willingly, and voluntarily agreed to speak to

law enforcement officers and to provide answers and statements in response to questioning.  (Hearing Exh. No. 1).

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

## RECOMMENDATION

The Court **hereby recommends** that:

1.  Defendant John I. Priscella's Motion to Suppress Evidence Obtained as a Result of Search and Seizure be **denied**  [Docket No. 21]; and

2.  Defendant John I. Priscella's Motion to Suppress Statements, Admissions and Answers be **denied**  [Docket No. 22].


Dated:     January 8, 2007

    s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge


Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before January 24, 2007.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.